Gary Brenner
Attorney at Law, CSBN 125971
110 West C Street, Suite 1905
San Diego, CA 92101
Tel: (619) 237-8899
garybrenner@cts.com

Attorney for Defendants
Troy Richardson, Marilyn
Richardson and TNT Auto
Sales, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREL SPIKES,<br><br>Plaintiff,<br><br>vs.<br><br>TNT AUTO SALES, INC.; TROY RICHARDSON; MARILYN RICHARDSON and DOES 1 through 10, Inclusive,<br><br>Defendants. | **CASE NO.: 07 CV 2318-JLS (RBB)**<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS TNT AUTO SALES, INC., TROY RICHARDSON, MARILYN RICHARDSON** |

Defendants TNT Auto Sales, Inc., Troy Richardson, and Marilyn Richardson (collectively, the “DEFENDANTS") answer the complaint as follows:

1. DEFENDANTS admit the allegations contained in paragraphs 4, 5 and 6 except that DEFENDANTS deny that Troy Richardson and Marilyn Richardson, rather than the corporation TNT Auto Sales, Inc., are the owners of the business that occupies the subject property.

2. Responding to paragraphs numbered 1, 2, 3, 7, 8, 9, 10, 13 (except that DEFENDANTS deny that plaintiff was injured), 15, 17, 19, 24, 25, 26, 29, 30, 31, 32 and 34 of the complaint,

DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs, and therefore based upon such lack of knowledge or information deny the allegations contained in said paragraphs.

3. Responding to paragraphs numbered 11, 12, 14, 16, 18, 21, 22, 23, 27, 28 and 33 of the complaint, DEFENDANTS deny the allegations contained in said paragraphs.

4. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the introductory paragraph of the complaint and therefore based upon such lack of knowledge or information deny the allegations.

## AFFIRMATIVE DEFENSES

5. As the first separate and affirmative defense, DEFENDANTS allege that the complaint, and each and every alleged cause of action contained therein fails to state claims upon which relief can be granted.

6. As the second separate and affirmative defense, DEFENDANTS allege that any loss, damage alleged in the plaintiff's complaint, if any, was proximately caused and/or contributed to by the negligent conduct of plaintiff, and that said conduct was an intervening and superseding cause of the underlying loss or damages, if any, for which relief is sought against DEFENDANTS.

7. As the third separate and affirmative defense, DEFENDANTS allege that plaintiff failed, neglected or refused to use reasonable care to reduce, minimize, or otherwise mitigate, as much as reasonably possible, its damages, if any, such that plaintiff's recovery, if any, should be diminished to the extent that plaintiff's loss is attributable to plaintiff's failure to mitigate its damages, if any.

8. As the fourth separate and affirmative defense, DEFENDANTS assert that to accommodate plaintiff would require fundamental alteration of the nature of DEFENDANTS' business operations.

9. As the fifth separate and affirmative defense, DEFENDANTS assert that to accommodate

plaintiff would constitute an undue hardship on DEFENDANTS.

10. As the sixth separate and affirmative defense, DEFENDANTS assert that the removal of the alleged barriers are not readily achievable.

11. As the seventh separate and affirmative defense, DEFENDANTS assert that goods sold by DEFENDANTS were provided through alternative methods that were readily achievable.

12. As the eighth separate and affirmative defense, DEFENDANTS assert that the cost and scope of alterations to make the path of travel accessible to secondary functions would be disproportionate to the costs of the overall alterations that are readily achievable.

13. As the ninth separate and affirmative defense, DEFENDANTS assert there were no alterations to the commercial facility on or after January 26, 1992.

14. As the eleventh separate and affirmative defense, DEFENDANTS assert that the business was in an existing facility built before the Americans with Disabilities Act went into effect.

**WHEREFORE,** DEFENDANTS pray for judgment against plaintiff as follows:

1. That plaintiff takes nothing by reason of its complaint, and that judgment be rendered in favor of DEFENDANTS.

2. That DEFENDANTS be awarded their costs of suit incurred in defense of this action.

3. For such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to FRCP 38, DEFENDANTS hereby request a jury trial.

Dated: February 5, 2008

s/Gary Brenner

_________________________________

Gary Brenner, Attorney for Defendants
Troy Richardson, Marilyn Richardson, TNT Auto Sales, Inc.
E-mail: garybrenner@cts.com